IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **EDDIE RIGOBERTO SANTOS**, <br><br> Plaintiff, <br><br> v. <br><br> **NAPHCARE, INC.**, an Alabama corporation; **WASHINGTON COUNTY**, a state body in the State of Oregon; **JULIE RADOSTITZ**, an individual; **CASEY GLADNEY**, an individual; **RACHEL ECLEVIA**, an individual; **MARTHA ROJO**, an individual; and **AIMEE ZERFAS**, an individual, <br><br> Defendants. | Case No. 3:21-cv-00131-YY <br><br> **ORDER ADOPTING F&R** |

Juan C. Chavez, PO Box 5248, Portland, OR 97208. Attorney for Plaintiff.

Jennifer Kay Oetter and Iain Armstrong, Lewis Brisbois Bisgaard & Smith, LLP, 888 SW Fifth Avenue, Suite 900, Portland, OR 97204. Attorneys for Defendants NaphCare, Inc., Julie Radostitz, Casey Gladney, Rachel Eclevia, Martha Rojo, and Aimee Zerfas.

Eamon P. McMahon, 155 N First Ave, Suite 340, MS#24, Hillsboro, OR 97124. Attorney for Defendant Washington County.

**IMMERGUT, District Judge.**

On July 9, 2024, Magistrate Judge You issued her Findings and Recommendation ("F&R"), ECF 118, recommending that this Court grant in part and deny in part Defendants' Motion for Summary Judgment, ECF 92. The F&R specifically recommends denying summary judgment on Plaintiff's negligence claim against Defendants NaphCare and Washington County and granting summary judgment to Defendants on Plaintiff's 42 U.S.C. § 1983 claims for alleged violations of the Fourteenth Amendment right to adequate medical care. ECF 118 at 2. Plaintiff brings her § 1983 claims against (1) the individual defendants—nurse Rachel Eclevia, nurse Aimee Zerfas, nurse practitioner, Casey Gladney,[1] nurse practitioner Martha Rojo, and Dr. Julie Radostitz; (2) Washington County and NaphCare under *Monell v. Department of Social Services*, 436 U.S. 658 (1978); and (3) NaphCare and Dr. Radostitz in their supervisory capacities. *Id.*

Plaintiff timely filed objections, ECF 122, and Defendants filed a response, ECF 126. Plaintiff objects to the F&R's recommendation as to Plaintiff's claims against the individual defendants, "primarily" the claim against Defendant Rojo. Objections, ECF 122 at 1–2. This Court has reviewed de novo the portion of the F&R to which Plaintiff objected. For the following reasons, the Court ADOPTS Magistrate Judge You's F&R.

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de

---

[1] As the F&R notes, Plaintiff conceded his claim against Defendant Gladney. F&R, ECF 118 at 3; Response to Motion for Summary Judgment, ECF 98 at 29. Plaintiff did not re-raise his claim against Defendant Gladney in his Objections. *See* Objections, ECF 112. Accordingly, Plaintiff's claim against Defendant Gladney is dismissed with prejudice.

novo or under any other standard, the factual or legal conclusions of the F&R that are not objected to. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, *sua sponte*" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

Plaintiff argues that Defendant Rojo was deliberately indifferent to Plaintiff's serious medical need by: (1) "[f]ailing to provide continuity of care for Plaintiff's on-going rheumatological problems," and (2) "[f]ailing to medically treat Plaintiff's obvious, worsening condition." Objections, ECF 122 at 3. As the F&R noted, because this case involves "choices between alternative courses of treatment," as reflected by the differing opinions of Plaintiff's and Defendants' experts, Plaintiff "must show that the course of treatment" Defendant Rojo "chose was medically unacceptable under the circumstances" and chosen "in conscious disregard of an excessive risk to [P]laintiff's health." *Gordon v. Cnty. of Orange*, 6 F.4th 961, 970 (9th Cir. 2021) (internal quotation marks omitted); F&R, ECF 118 at 15–16.

The F&R does not, as Plaintiff maintains, "over-credit" the defense expert's "opinion in supporting its conclusion that there is a difference in medical opinion present, rather than a deviation from the standard of care." Objections, ECF 122 at 3. The F&R correctly found that the record showed a choice between alternative courses of treatment, that between Plaintiff's requested treatment plan and the plan Defendant Rojo implemented. In any event, evidence of a "deviation from the standard of care" alone is not sufficient to survive summary judgment on a Fourteenth Amendment claim for inadequate medical care. Rather, pretrial detainees must show objective deliberate indifference on the part of the defendant, meaning "reckless disregard," which is "more than negligence." *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 669 (9th Cir.

PAGE 3 – ORDER ADOPTING F&R

2021) (internal quotation marks omitted). Plaintiff failed to provide evidence from which a reasonable jury could find objective deliberate indifference.

## CONCLUSION

This Court has reviewed de novo the portions of Judge You's F&R to which Plaintiff objected. Judge You's F&R, ECF 118, is adopted in full. This Court GRANTS in part and DENIES in part Defendants' Motion for Summary Judgment, ECF 92. The Parties are ORDERED to jointly propose pretrial deadlines and a trial date within seven (7) days of the date of this Order.

**IT IS SO ORDERED**.

DATED this 21st day of October, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge